FILED
2012 APR 18
U.S. DISTRICT COURT
EASTERN DIST. TENN.
DEPT. CLERK
BY

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE

## Southern Division

| | |
|---|---|
| LILLIAN L. NORTON, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No: 1:12-cv-128 |
| VOLUNTEER VOLVO AND GMC, INC., and | ) Mattice/Lee |
| | ) JURY DEMAND |
| WORLDWIDE EQUIPMENT, INC., D/B/A VOLUNTEER VOLVO AND GMC | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Lillian L. Norton, by counsel, respectfully represents to the Court the following as her Complaint against defendants Volunteer Volvo and GMC, Inc., and Worldwide Equipment, Inc., d/b/a Volunteer Volvo and GMC:

### Nature of Case and Jurisdiction

1. This is a suit by an employee against her former employer for gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*, as amended.

2. Since the case alleges violation of a federal statute, it involves federal questions establishing jurisdiction under 28 U.S.C. §1331.

## Parties

3. Norton is a resident of Bradley, County, Tennessee.

4. Volunteer Volvo and GMC, Inc. (Volunteer) is a Tennessee corporation doing business in Chattanooga, Hamilton County, Tennessee, as a heavy-duty truck dealership selling, leasing and servicing primarily heavy-duty (eighteen wheel) trucks.

5. Worldwide Equipment, Inc. is a Kentucky corporation which operates not only the Chattanooga heavy-duty-truck dealership through or with Volunteer, but other similar dealerships in several other states. Volunteer and Worldwide Equipment, Inc. are referred to collectively in this Complaint as "Worldwide."

## Facts

6. Norton is a United States Army veteran. She served a total of eight years active and reserve duty as a light-vehicle mechanic.

7. Norton's father was a heavy-duty truck driver. He took Norton on trucking road-trips with him. She was raised helping her father maintain heavy-duty trucks and equipment. Norton has never wanted a career other than doing what she loved – working on and around trucks.

8. Accordingly, after her honorable Army discharge, she worked as a trucking company fleet mechanic, a truck-dealership service dispatcher, a truck-dealership service advisor, and a truck-dealership worker in warranties and in parts. All these jobs were in heavy-duty trucking.

9. With this military and industry background, Norton began work for Worldwide at its Chattanooga dealership in 2003 as a Warranty Administrator. In 2006, Worldwide replaced

her in this job with a male who was paid substantially more than she was paid as Warranty Administrator.

10. Upon hiring the male for the warranty job, Worldwide kept Norton's pay the same and moved her to Service Advisor. She performed this job well, and received bonus recommendations and praise from her Service Manager boss.

11. In 2008, Worldwide hired Glen Dalyrample as the Chattanooga dealership Service Manager. Norton then reported to Dalyrample as her immediate boss. Dalyrample told her he had "never worked with a woman (in servicing trucks) before," and she needed to act "more like a lady."

12. In fact, the service departments of heavy-truck dealerships are overwhelmingly male environments where vulgar speech and manners are common-place. The Worldwide Chattanooga dealership under Dalyrample, and Dalyrample himself, were not exceptions.

13. Norton had not been offended by the speech and manners of the male-dominated trucking environments during her Army days and throughout her truck-servicing career. However, she was not prepared for being singled-out by Dalyrample for a different standard of behavior than was expected of men. Dalyrample chastised her for the same behaviors her male peers engaged in openly with Dalyrample, co-workers and customers.

14. By his negative attitude, criticisms and treatment towards Norton, Dalyrample intentionally excluded her from the professional relationships with her peers and with dealership customers that were normal for males and important for success in her profession. She no longer felt equal in workplace opportunity with males on the Chattanooga Worldwide service team, and in fact she was not.

15. In April, 2009, during the economic downturn in trucking, Worldwide laid off Norton. In November, 2009, Chattanooga Worldwide Parts Manager Kenny Steven re-hired her as a Parts Deliverer at a substantial reduction from her Service Advisor pay. Stevens was familiar with Norton's work at Worldwide and wanted her for the job. He praised her work throughout her tenure in Parts.

16. Norton told Worldwide management, including Dalyrample, that she wanted to return to the service department if an opportunity arose. In October, 2010, when the economy had improved, Dalyrample hired, or caused to be hired, a male for the Service Advisor position that Norton had requested. The job paid substantially more than Norton was earning in the Parts Delivery job and she gladly would have taken it.

17. When Norton learned that Dalyrample had hired a male for the Service Advisor job she requested, she complained in writing through her attorney in November, 2010 to Worldwide senior management (above the level of Dalyrample). Her attorney's letter specifically complained to Terry Dotson, the President of Worldwide, that Dalyrample was excluding her from the Service Advisor position because she was female. She told Dotson that her prior experience as Service Advisor under Dalyrample had shown that he was biased against a female trying to work under him in heavy-duty truck servicing.

18. Worldwide senior management did nothing to remedy its gender discrimination against Norton and has done nothing to this day.

19. In the spring of 2011, the male Service Advisor hired by Dalyrample in October, 2010, quit. Norton asked Worldwide for the open position. Worldwide informed her it was not filling the position and refused to return her to service advising.

20. In fact, Worldwide simply assigned the Service Advisor duties to a "Shop Foreman" to give the false appearance of not filling the Service Advisor job.

21. In August, 2011, Norton was offered and accepted a Service Advisor position at a heavy-duty truck dealership in Rome, Georgia. The duties are substantially the same as the Service Advisor position at Worldwide at substantially the same Service Advisor pay. She has performed this job without problem, as expected. However, she has a very lengthy commute form Hamilton County to Rome, Georgia, meaning she continues to suffer economic damages from Worldwide's gender discrimination.

## Title VII Violation

22. Worldwide violated Title VII's prohibition against gender discrimination by not employing her as a Service Advisor, or in service advising, since hiring a male Service Advisor in October, 2010.

23. Among other things, Dalyrample's record of gender bias against Norton from 2008 until she left Worldwide in August 2011 shows that Worldwide was motivated by gender bias in refusing to employ Norton in service advising or at least paying her at the Service Advisor rate.

24. In addition to gender bias, Worldwide was motivated by retaliation in continuing to refuse to employ her in service advising or pay her at the Service Advisor rate, after she complained to senior management about gender bias in November, 2010.

25. Norton has suffered substantial economic harm as a result of Worldwide's illegal gender bias. In addition, she has suffered substantial mental anguish, humiliation and embarrassment as a result of Worldwide's illegal gender bias.

26. For its violations of Title VII, Worldwide is liable to Norton for back pay and benefits, reinstatement, or front pay and benefits in lieu of reinstatement, compensatory damages for mental anguish, humiliation and embarrassment, and attorneys' fees and costs.

27. Since November, 2010, Norton has put Worldwide on written notice that it was violating Title VII by its treatment of her. Worldwide's refusal to remedy its discrimination after written notice evidences a reckless disregard of Norton's federally-protected rights.

28. For its reckless disregard of Norton's rights, Worldwide is liable to Norton for punitive damages.

## Request for Relief

Wherefore, plaintiff Lillian L. Norton respectfully requests that the Court convene a jury to try her claim, and that the Court thereafter enter judgment for her against defendants Volunteer Volvo and GMC, Inc. and Worldwide Equipment, Inc. for compensatory damages, for punitive damages, for her attorneys' fees and costs, and for other relief as deemed just by the Court.

Respectfully Submitted,

LILLIAN L. NORTON

By Counsel

James M. Johnson
BPR #026147
620 Lindsay Street
Suite 210
Chattanooga, TN 37403
(423) 648 4093
(423) 648 4094 (fax)
jj@jamesmjohnsonatty.com

Counsel for Plaintiff